# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RLR INVESTMENTS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-CV-01003-DGK |
| CITY OF PLEASANT VALLEY, MISSOURI, | ) |
| Defendant. | ) |

## ORDER GRANTING MOTION TO REMAND

This lawsuit involves a land use dispute between Plaintiff RLR Investments, LLC, ("RLR") and Defendant City of Pleasant Valley, Missouri ("the City"). Now before the Court is RLR's motion to remand (Doc. 6). Because RLR's initial petition was removable and the revival exception does not apply, the City's removal is untimely. The motion to remand is GRANTED.

## Background

RLR owns real property ("the Property") located within the City, which it historically leased for industrial use. In 2015, RLR contracted to sell the Property for $3,800,000 to Amerco Real Estate Company ("Amerco") for use as a U-Haul facility. But Amerco terminated the contract with RLR after the City filed a moratorium ordinance that prevented: 1) the issuance of any building or construction permits, 2) acceptance of any construction or building permit, or 3) allowance of any development.

RLR continued to market the Property and eventually leased it to U.S. Trailer Rental and Storage, Inc., for $20,000 per month for ten years. Although City Clerk Georgia Fox told U.S. Trailer the proposed use of the Property was acceptable to the City, the City later passed another

ordinance which extended the moratorium ordinance to prohibit the issuance of new business licenses to the Property. Therefore, the City refused to issue U.S. Trailer a business license.

On February 24, 2016, RLR filed suit against the City and Fox in Clay County, Missouri, Circuit Court. RLR alleged in its initial petition that because the City failed to provide RLR with notice and hearing before implementing the ordinances, the ordinances were unconstitutional. RLR outlined its three claims as: Count I – Declaratory and Injunctive Relief as to Ordinance 3200; Count II – Declaratory and Injunctive Relief as to Ordinance 3195; and Count III – Inverse Condemnation.

The case proceeded in state court for two-and-a-half years. In September 2018, the state court granted summary judgment in favor of the City on Counts I and II but denied summary judgment on Count III, finding it could not decide the issue as a matter of law.

A couple of months later—and just a few weeks before trial—the state court allowed RLR to file an amended petition because RLR was asserting multiple legal theories under its inverse condemnation claim and separating out the theories into separate counts would help to avoid evidentiary issues at trial. The amended petition removed Fox as a defendant and asserted seven separate counts: Count I – Procedural Due Process under 42 U.S.C. § 1983; Count II – Procedural Due Process under the Missouri Constitution; Count III – Substantive Due Process under 42 U.S.C. § 1983; Count IV – Substantive Due Process under the Missouri Constitution; Count V – Vested Rights under Fifth and Fourteenth Amendments of the Missouri Constitution; Count VI – Just Compensation under the Missouri Constitution; and Count VII – Just Compensation under the Fifth and Fourteenth Amendments of the United States Constitution. The City removed the case to federal court on December 21, 2018.

**Standard**

Title 28 of the United States Code section 1441(a) provides that a defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). A defendant must remove within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading," 28 U.S.C. § 1446(b)(1). If the initial pleading is not removable, a notice of removal may be filed thirty days after receipt by the defendant a copy of an amended pleading which makes the case removable. *Id*. § 1446(b)(3).

A plaintiff may challenge removal through a motion to remand. 28 U.S.C. § 1447(c). The party opposing remand has the burden of establishing the action should not remanded. *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 823 (8th Cir. 2010). In considering a motion to remand, removal statutes are strictly construed, and the court resolves all doubts in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

**Discussion**

RLR requests the Court remand the case back to state court. It argues that because the initial petition was removable under both federal question and diversity jurisdiction, the City's removal three years later is untimely. The City disagrees that the initial petition was removable. Alternatively, it argues that the amended petition started an entirely new lawsuit, so the thirty-day timeframe began anew when RLR filed its amended petition.

First, the Court addresses whether the initial petition was removable.

## I. The initial petition was removable.

The City does not dispute that RLR's initial petition sought damages in excess of $75,000, and that the parties are completely diverse. Rather, the City argues that the fact the initial petition could have removed based on diversity is irrelevant since the amended petition was removed based on federal question jurisdiction. Section 1446(b) makes no exception to the thirty-day rule based on the grounds for removal, and the City cites no authority supporting its argument that the grounds for removal matters. The Court finds RLR's initial petition was removable based upon diversity.

Even assuming the grounds for removal matters, the initial pleading was also removable based on federal question jurisdiction. RLR's initial petition alleged violations of the Fifth and Fourteenth Amendments to the United States and Missouri Constitution. Specifically, it alleged in its initial petition the following:

> 91. Ordinance No. 3200 violates the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Constitution of the State of Missouri, in that it has taken RLR's vested property rights in the Property.
>
> 117. Ordinance No. 3195 violates the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Constitution of the State of Missouri, in that it has taken RLR's vested property rights in the Property.
>
> 133. The City's passage of Ordinance No. 3185, Ordinance No. 3195, and Ordinance No. 3200 was illegal and in violation of the notice provisions RSMo. 89.050 and 89.060; Article III, section 40(30) of the Missouri Constitution; the notice provisions of Code §400.280; and the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Constitution of the State of Missouri.
>
> 140. The City's actions and inactions deprives RLR of the value of its Property terminal for which the City must compensate RLR under the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, Section 10 of the Constitution of the State of Missouri.

(Doc. 1-2).

The City argues that such general allegations in the body of the petition do not create grounds for removal, but it cites no support that it can remove based only on the title of the counts in a petition, not the underlying legal theories. Moreover, the initial petition made clear that RLR was challenging the ordinances under the Fifth and Fourteenth Amendments to the United States and Missouri Constitutions. RLR sought not only damages, but also a declaration that the ordinances were unconstitutional and an injunction against their enforcement. The federal court has jurisdiction over such claims. *See People Tags, Inc. v. Jackson Cty. Legislature*, 636 F. Supp. 1345, 1358 (W.D. Mo. 1986) (declaring ordinances unconstitutional and entering an injunction against their enforcement); *see also Minneapolis Taxi Owners Coal., Inc., v. City of Minneapolis*, 572 F.3d 502, 506 (8th Cir. 2009) (addressing the merits of an action where the plaintiff alleged constitutional violations of just compensation and due process); *Dennis v. Vill. of Tonka Bay*, 151 F.2d 411, 412 (8th Cir. 1945) (accord). The City was, or should have been, on notice that the initial petition asserted these constitutional claims.

The initial pleading was removable based on federal question and diversity jurisdiction. Because the City did not remove the case within the thirty-day deadline, its removal is untimely.

**II.     The revival exception does not apply.**

The City alternatively argues that the amended petition essentially created a new lawsuit, and thus its removal is timely under the judicially-created "revival exception." The Court rejects this argument for two reasons.

First, the Court need not consider the revival exception since the City did not assert it as a basis for removal in its notice of removal. *See Prather v. Kindred Hosp.*, No. 14-0828-CV-W-FJG, 2014 WL 7238089, at *1 (W.D. Mo. Dec. 17, 2014) (refusing to consider grounds for removal

not set forth in the notice of removal); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002) (accord). Second, the revival exception is inapplicable here.

Only the Fifth and Seventh Circuits have explicitly adopted the revival exception, which provides that a lapsed right to remove is restored when the petition is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit. *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000); *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982). Assuming the Eighth Circuit would recognize this exception, it applies when: (1) the case was initially removable and (2) the character of the action is fundamentally altered by an amended petition as to essentially create a new lawsuit. *Johnson*, 227 F.3d at 241. The Court has already determined the case was initially removable, so it need only to determine whether the initial petition was so fundamentally altered as to essentially create a new lawsuit.

The Court finds it did not. The amended petition presents no new issues; it simply clarifies the legal theories, maybe not articulately stated, in the initial petition. In other words, to the extent RLR's amended petition raises constitutional issues, those claims were present from the outset. *See Nickle v. Israel*, 2015 WL 417828, at *2 (S.D. Fla. Jan. 30, 2015) (rejecting revival exception where the plaintiffs' amended petition stated constitutional claims that were consistent with previous petitions). This same finding—that the amended petition did not commence a new lawsuit—is also implicit in the state court's grant of leave to amend just weeks before trial. The revival exception does not apply.

**III.    The City's removal was not objectively unreasonable.**

Finally, RLR requests the Court award fees and costs. The decision whether to award costs and fees under 28 U.S.C. § 1447(c) rests in the Court's discretion. *Martin v. Franklin Capital*

*Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1147(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. In determining whether the removing party lacked an objectively reasonable basis for removal, the Court does not consider the removing defendant's motive, but instead considers "the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015).

RLR contends the City lacked an objectively reasonable basis to remove because it "waited until it could obtain a tactical advantage by significantly delaying the trial of this matter before removing" (Doc. 8 at 15). But RLR filed an amended petition just weeks before trial, and the City reasonably believed that because RLR alleged constitutional claims as specific counts in the amended petition, it—for the first time—had the right to remove. The City's belief is not objectively unreasonable. The Court exercises its discretion and refuses to award RLR fees and costs.

**Conclusion**

Because the City has failed to meet its burden of proving the case should not be remanded, Plaintiff's motion is GRANTED. The case is remanded to the Circuit Court of Clay County, Missouri, without an award of fees or costs.

**IT IS SO ORDERED.**

Date:  April 3, 2019   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT